I find no fault with the views of my associates concerning the jurisprudence of Louisiana which controls in this case. I fully realize that certain doctrines are firmly established here. It is settled, for instance, that in a suit on a life insurance policy where the defense is suicide, the presumption against suicide is so strong that the burden is placed on the defendant to "exclude with reasonable certainty any hypothesis of death by any other means." Von Buelow v. Life Ins. Co. of Virginia, 9 Orleans App. 143; Wolff v. Mutual Reserve Fund Life Association, 51 La. Ann. 1260, 1261, 26 So. 89; Kohlman v. New York Life Ins. Co., 151 La. 607, 92 So. 132; Eckendorff v. Mutual Life Ins. Co., 154 La. 183, 97 So. 394; Sanchez v. Woodmen of the World, 13 Orleans App. 247. See, also, 37 Corpus Juris, 640, Sec. 443. It is well settled also that even where the policy is one covering death by accidental means or where it provides for a double *Page 194 
indemnity, where death results from accident, although the burden of proving that the death was caused by accident is placed upon the plaintiff, as soon as it is made to appear that the death must have been caused either by accident or by suicide, the presumption against suicide is so strong that the effect of it is to relieve the plaintiff of the duty of proving accident, and requires the insurer to prove suicide to the exclusion with reasonable certainty of every other hypothesis. This was held in Webster v. New York Life Insurance Company,160 La. 854, 107 So. 599, 602, in which our Supreme Court quoted the following from its earlier decision in Canal-Commercial Trust Savings Bank v. Employers' Liability Assur. Corporation, 155 La. 720, 99 So. 542:
" 'The correct rule, and the one to which we prefer to adhere, is stated in Ruling Case Law, vol. 14, section 416, p. 1236, as follows: " * * * While in an action on an accident policy the burden is on the plaintiff to show that death was caused by accident (in which connection see also Kling v. [Masons'] Accident Association, 104 La. 763, 29 So. 332), yet where it is doubtful from the evidence whether death was caused by an accident or by suicide, a presumption arises that an accident, and not suicide, was the cause of the death." And also at page 1237, section 417 of the same volume, we find this statement of the law, viz: "The presumption against suicide will stand and be decisive of the case until overcome by testimony which shall outweigh the presumption." ' "
A study of the authorities convinces me that in a majority of other jurisdictions the contrary is held, and that where liability under a policy is made to depend upon whether the death was caused by accident, the burden is on the plaintiff to show accident, and it will not suffice that it be left uncertain whether it was caused by accident or by suicide.
Still, I realize, as I have said, that in Louisiana whether the suit be on a life policy or on one where recovery is made to depend on whether the death resulted from accident, the insurer must bear the burden of eliminating with "reasonable" certainty any other hypothesis than suicide. But I think that here my associates have overlooked the word "reasonable" as it appears in all of the opinions cited.
The rule does not require that the insurer show that accident was not possible and that no other hypothesis than suicide was possible. It merely requires that any other hypothesis than suicide be excluded with reasonable certainty. It is well established that whether or not any other hypothesis has been excluded with reasonable certainty is a question of fact. The Supreme Court so said in the Webster case, and I think that here this question of fact should be decided in favor of the defendant and the District Judge so thought. The motive shown here was the very strongest.
That it may have been possible for the deceased here to have thought out an easier way to commit suit is not the answer. I feel certain that in most cases the person who commits suicide does so on the spur of the moment, and without taking the time to think out some easier or better way.
I respectfully dissent.